# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

ANTHONY GIZZE,

    Plaintiff,

vs.

DUNWORTH CONSRUCTION &
DEVELOPMENT, INC., and
ROY F. DUNWORTH,

    Defendants.
_____/

CASE NO:
JUDGE:
MAGISTRATE JUDGE:

## **COMPLAINT**

Plaintiff, ANTHONY GIZZE ("Gizze" or "Plaintiff"), by and through his undersigned counsel, sues Defendants, DUNWORTH CONSTRUCTION & DEVELOPMENT, INC. ("DC", "Defendant", of "Defendants"), and ROY F. DUNWORTH ("RFD", "Defendant" or "Defendants"), and states as follows:

### **Jurisdiction and Venue**

1. Plaintiff, Gizze, is a citizen of the State of Florida, residing in St. Lucie County.

2. Defendant, DC, is a corporation of the State of Florida, with its principal place of business located in Palm Beach County.

3. Defendant, RFD, is a citizen of the State of Florida, residing in Palm Beach County.

4. The acts complained of herein occurred during Plaintiff's employment with Defendants in **Palm Beach** County.

Complaint & Jury Demand
April 6, 2020
Page **2** of **12**

5. Jurisdiction is based upon 28 USC § 1331, providing for federal question jurisdiction of the federal district courts. More specifically, jurisdiction is predicated under the FLSA, 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Any other claims are predicated upon the Court's supplemental jurisdiction.

## STATEMENT OF FACTS

7. Mr. Gizze was employed by Defendants on a construction crew since January 2019.

8. Mr. Gizze's timesheets note a position as "laborer" or "foreman".

9. In fact, Mr. Gizze was never a "foreman". He never had the duties, responsibilities, discretion, or authority.

10. Indeed, often another person was at any job site to whom Mr. Gizze and all others reported. When such a person was absent, Mr. Gizze often had seniority but had to obtain approval for virtually any act which required the exercise of discretion.

11. During this period, Mr. Gizze was never paid overtime.

12. At various times, Mr. Gizze did inquire, but was advised that overtime was not available. He was told that he was exempt as a salaried employee.

13. Indeed, during November 2019, Mr. Gizze and his direct supervisor, Jayson Cloutier (Project Manager), exchanged various text messages.

14. In one exchange, Mr. Gizze's supervisor inquired "how are we going to handle your half day today? You making it up tomorrow? Or shorting your pay next week?"

*Law Offices of Stuart M. Address, P.A.*
stuart@stuartaddresslaw.com (Email)
www.stuartaddresslaw.com (Website)
www.SMArtLawFlorida.com (Secondary Website)
http://www.avvo.com/attorneys/34994-fl-stuart-address-1284072.html (AVVO attorney information

Complaint & Jury Demand
April 6, 2020
Page **3** of **12**

15. Of course, if Mr. Gizze was a properly exempt salaried employee then the rules under the FLSA prohibit any request to "make up" work or any "deduction" in salary for time missed except in full day increments.

16. Any improper deduction, i.e., for a half-day, would cause the employee to forfeit the exemption for that pay period. Repeated such improper acts by the employer would cause it to forfeit the exemption for the employee's entire tenure.

17. By way of illustration, for the pay period October 30, 2019 – November 5, 2019, records available to Plaintiff show 36 hours of pay; implying a deduction for ½ day which is improper under the FLSA rules even for properly exempt salaried employees.

18. Without being aware of these previse rules, Mr. Gizze inquired, "what happened to being on salary? Now we are back on hourly pay?"

19. His supervisor responded, "you obviously don't know how salary work. You've used up your vacation time already. You can't take off whenever you want and get paid for it." He continued, "It would be one thing if you left an hour early or so. But you left at noon. How do you think that's fair to Roy? Curious your thought pattern."

20. Under the FLSA, a properly exempt salaried employee can take off whenever necessary and does not forfeit pay (except for full day absences) because it is assumed that a properly exempt salaried employee will do what is necessary to perform his job function.

21. In any event, Mr. Gizze was not a properly exempt salaried employee.

22. In fact, prior to suit, when questioned regarding the specific exemption claimed, Defendants, through counsel, refused to respond.

*Law Offices of Stuart M. Address, P.A.*
stuart@stuartaddresslaw.com (Email)
www.stuartaddresslaw.com (Website)
www.SMArtLawFlorida.com (Secondary Website)
http://www.avvo.com/attorneys/34994-fl-stuart-address-1284072.html (AVVO attorney information

Complaint & Jury Demand
April 6, 2020
Page **4** of **12**

23. In any event, Plaintiff was a non-management manual laborer construction worker.

24. Fact Sheet 17P of the U.S. Department of Labor, Wage and Hour Division provides, in part, that "the exemptions provided by FLSA Section 13(a)(1) do not apply to manual laborers or other 'blue-collar' workers, <u>including non-management construction workers</u>, who perform work involving repetitive operations with their hands, physical skill, and energy." It continues, "FLSA-covered … construction and similar occupations … are entitled to minimum wage and overtime premium pay under the FLSA."

25. Mr. Gizze was not actual management. His "title" as a "foreman" was irrelevant, as titles of positions do not determine the status of an employee.

26. The question of whether Mr. Gizze was management is one of his duties, responsibilities, discretion, and authority.

27. He clearly fails these tests under the FLSA.

28. Regarding damages, the FLSA permits an employee to go back two years (three if the failure to pay was willful as defined). Since Mr. Gizze was employed as of January 2019, this is not an issue.

29. Further, the FLSA provides for liquidated damages in an equal amount to that owed for overtime (double damages), plus attorneys' fees and costs.

30. Plaintiff has many of his time records and payroll records.

31. However, the full records of Plaintiff's employment and time are maintained by the employer, who is under a statutory duty to maintain complete and accurate time records.

Complaint & Jury Demand
April 6, 2020
Page **5** of **12**

32. From the records available to Plaintiff and extrapolation for periods unavailable, Plaintiff believes that he worked approximately 259 hours of unpaid overtime.

33. In addition to these 259 hours, an additional 2.5 hours per week during the course of his employment is added because he was not provided an uninterrupted lunch break as required under the FLSA.

34. In any situation wherein an hourly employee is asked to engage in any work activity, no matter how minimal, the entire break is compensable time.

35. Thus, based upon available records and reasonable extrapolation, Plaintiff believes that he is owed for a total of 379 hours of unpaid overtime (the 259 referenced above, and an additional 120 hours predicated upon the interrupted lunch breaks for the 48 weeks (January 23, 2019 – December 19, 2019), of employment.

36. During the period of January 23rd – August 2nd, Mr. Gizze was paid an hourly rate of $18.04.

37. From August 3rd – December 19th, Mr. Gizze was paid an hourly rate of $19.23.

38. The increased hourly rate was a result of continued complaint by Mr. Gizze regarding the failure to pay overtime to which he believed he was entitled. Previously, Mr. Gizze had been told if he didn't like that absence of overtime compensation, he could leave the Company.

39. Plaintiff has retained undersigned counsel and agreed to pay it a reasonable attorneys' fee.

40. All conditions precedent to suit, if any, have been waived or otherwise satisfied.

41. Prior to initiating suit, Plaintiff, through his counsel, made a good-faith effort to amicably resolve this matter with Defendants, through their counsel.

## **COUNT I**
**(Violation Of 29 U.S.C. § 207;**
**Overtime Compensation)**

42. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-41, inclusive, as if fully set forth herein.

43. This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff by the maximum hour provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"). Plaintiff seeks to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs, in addition to any injunctive and/or such other relief as the Court may determine is appropriate.

44. Plaintiff is a former employee of Defendants and brings the FLSA action on behalf of himself and other current and/or former employees of the Defendants, similarly situated to him, for compensation and other relief under the FLSA.

45. At all times material hereto, Defendant, DC, was engaged in commerce as defined with §§ 203(r) & 203(s) of the FLSA.

46. At all times material hereto, Defendant, RFD, was an owner of DC, and regularly directed its day-to-day activities.

Complaint & Jury Demand
April 6, 2020
Page **7** of **12**

47. At all times material hereto, Defendants were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

48. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

49. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

50. Defendants was, and continue to be, an "employer" within the meaning of FLSA.

51. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

52. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

53. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

54. Plaintiff was employed by the Defendants for the period of time set forth in the Statement of Facts.

55. Plaintiff regularly worked overtime; more than 40 hours in a week.

56. Defendants repeatedly advised that they did not pay overtime and asserted that Plaintiff was an exempt employee.

*Law Offices of Stuart M. Address, P.A.*
stuart@stuartaddresslaw.com (Email)
www.stuartaddresslaw.com (Website)
www.SMArtLawFlorida.com (Secondary Website)
http://www.avvo.com/attorneys/34994-fl-stuart-address-1284072.html (AVVO attorney information

Complaint & Jury Demand
April 6, 2020
Page **8** of **12**

    57.    Plaintiff was a non-exempt employee as defined by the FLSA, and therefore should have been compensated at the statutory rate of time and one-half for all hours worked in excess of the maximum hours allowed by the FLSA.

    58.    From the earliest of the named Plaintiff's employment, through the date of her termination in 2019, Plaintiff was required and/or permitted to and did, in fact, work in excess of 40 hours per week but was not paid for any overtime.

    59.    Defendants violated Title 29. U.S.C. § 207, during 2012, in that: (a) Plaintiff worked in excess of the maximum hours provided by the FLSA, (b) no provisions have been made by Defendants to properly pay Plaintiff at the statutory rate of time and one-half for those hours that he worked in excess of the maximum hours provided by the FLSA; and (c) no payments have been made to Plaintiff by Defendants at the statutory rate of time and one-half for the hours that he worked in excess of the maximum hours provided by the FLSA.

    60.    Further, at all times material hereto, Defendants were responsible for maintaining complete and accurate time records. Upon information and belief, Defendants failed to keep appropriate time records as required by section 11 of the FLSA.

    61.    The records concerning the number of hours actually worked by Plaintiff can therefore only be estimated and established by circumstantial evidence.

    62.    Therefore, Plaintiff is unable to state the exact amount due and owing to him. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken promptly in this case.

Complaint & Jury Demand
April 6, 2020
Page **9** of **12**

63. Plaintiff has retained the law firm of Stuart M. Address, P.A., to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

64. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA and has intentionally cheated Plaintiff of wages and overtime compensation due to him.

65. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

66. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, Anthony Gizze, respectfully requests that judgment be entered in his favor against Defendants, jointly and severally, as follows:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation due him for the hours in excess of forty that Plaintiff worked but for which he has not been compensated at the statutory rate of time and one half including, without limitation, all hours that Plaintiff was required to and/or permitted to work off of the clock;

c. Awarding Plaintiff an equal amount as liquidated damages;

d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

Complaint & Jury Demand
April 6, 2020
Page **10** of **12**

  e. Awarding Plaintiff post judgment interest;

  f. Awarding appropriate injunctive relief; and

  g. Ordering any other and further relief that this Court deems just and proper.

## COUNT II
### (Violation Of 29 U.S.C. § 216(b); Overtime Compensation; Statutory Class Action)

67. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-41, inclusive, as if fully set forth herein.

68. Plaintiff brings this count on behalf of himself and other employees and former employees of Defendant similarly situated for overtime compensation and other relief pursuant to the FLSA.

69. The additional persons who may become Plaintiffs in the action are non-exempt employees of Defendants who worked and, in some instances, continue to work in excess of forty (40) hours during a work week and who were not paid one and one- halftime their regular rates of pay for the hours they worked in excess of forty hours as mandated by 29 U.S.C. §207.

70. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

Complaint & Jury Demand
April 6, 2020
Page **11** of **12**

71. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were paid straight time and expected to work in excess of forty (40) hours per week without being paid at the rate of one and one-halftimes their regular rate of pay for those hours exceeding forty (40) hours per week.

72. Upon information and belief, this practice if widespread and condoned by the Defendants' senior management.

73. Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to Defendants' employees and former employees similarly situated to Plaintiff are in the possession, custody and control of Defendants and/or as a result of Defendants' failure to maintain adequate records would need to be demonstrated by circumstantial evidence obtained through discovery.

74. All similarly situated employees are owed their overtime rates for each overtime hour that they worked, but were not paid at the statutory rate of one and one-halftimes their regular rate of pay.

75. Due to the intentional, willful and unlawful acts of Defendants, all similarly situated employees have suffered damages and will continue to suffer damages and incur attorney's fees and costs.

76. As a direct and proximate result of Defendants' willful disregard of the FLSA, all similarly situated employees are entitled to liquidated damages in an equal amount to the amount by which each similarly situated employee or former employee has been damaged.

Complaint & Jury Demand
April 6, 2020
Page **12** of **12**

**WHEREFORE**, those similarly situated employees and former employees who have or will opt in to this action demand that judgment be entered against Defendant:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiffs overtime compensation due her for the hours in excess of forty that Plaintiff worked but for which she has not been compensated at the statutory rate of time and one half including, without limitation, all hours that Plaintiff was required to and/or permitted to work off of the clock;

c. Awarding Plaintiffs an equal amount as liquidated damages;

d. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiffs post judgment interest;

f. Awarding appropriate injunctive relief; and

g. Ordering any other and further relief that this Court deems just and proper.

### DEMAND FOR JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

_____
Stuart M. Address, Esq. (FBN 989606)
stuart@stuartaddresslaw.com
**Law Offices of Stuart M. Address, P.A.**
611 S.W. Federal Highway, Suite A
Stuart, Florida 34994
Telephone:   (772) 781-8003
Facsimile:     (772) 781-8005
Counsel for Plaintiff

*Law Offices of Stuart M. Address, P.A.*
stuart@stuartaddresslaw.com (Email)
www.stuartaddresslaw.com (Website)
www.SMArtLawFlorida.com (Secondary Website)
http://www.avvo.com/attorneys/34994-fl-stuart-address-1284072.html (AVVO attorney information