UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTHONY GIZZE,

    Plaintiff,

v.    CASE No: 20-CV-80593-DDM

DUNWORTH CONSTRUCTION
& DEVELOPMENT INC., and
ROY F. DUNWORTH,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT FOR DISMISSAL OF ACTION WITH PREJUDICE

The parties, by and through their undersigned counsel, hereby file this Joint Motion For Approval Of Settlement And Dismissal Of Action With Prejudice, as required under the Fair Labor Standards Act and this Court's Orders. In support of the Motion, the parties state as follows:

## MEMORANDUM OF LAW

Preliminary Statement

Plaintiff filed his Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay him proper overtime compensation. Defendant denies any wrongdoing under the FLSA and maintains that the Plaintiff was paid correctly for all hours worked. Settlement discussions commenced pre-suit but were unsuccessful. Thereafter, Plaintiff initiated this action. The parties have exchanged preliminary documents and continued to engage in settlement negotiations. Ultimately, the parties have no agreed upon a settlement to avoid the costs and uncertainty of litigation.

Essential Law

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The

FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. Id. at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977). In addition to approval of the settlement amount, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

**The Settlement**

In this action, the parties agree that the attached Settlement Agreement (Exhibit A) represents a fair and equitable resolution of this matter. The parties agree that the instant action involves significantly disputed factual issues with respect to the amount of unpaid wages and overtime due. The parties further agree that there were substantial pre-suit negotiations which did not result in a pre-suit settlement, necessitating that Plaintiff initiate this action in an effort to recover the overtime which he alleged was due to him under the FLSA.

Through their counsel, the parties are familiar with the facts of the case and the legal issues raised by the pleadings. Both before and during the litigation, the parties conducted a thorough investigation into the merits of their respective claims and defenses. Informed by their knowledge of the underlying facts and the applicable law, the parties, through their counsel, have negotiated a settlement.

Defendants disputed the number of hours Plaintiff alleged that he worked per week. Defendants further disputed whether Plaintiff was entitled to pay for lunch hours worked disagreeing with his contention that he was often required to provide services to the employer during his lunch breaks. The Defendants also asserted that they were entitled to various off-sets as a result of payments improperly made to Plaintiff, and for bonuses and other compensation paid to him. Defendants further asserted that various time alleged by Plaintiff was not compensable.

Defendants further asserted that Plaintiff was not entitled to liquidated damages as any actions by them were not "willful". Defendants also asserted that Plaintiff had waived his claims under the doctrine of unclean hands and/or should be equitably estopped from allegations of overtime.

Finally, the Defendants also asserted an exemption from the obligation to pay overtime; citing the Portal-to-Portal Act, 29 USC § 259 et seq. Plaintiff maintained his rights under the FLSA and in response to Defendants' affirmative defenses.

In an effort to compromise Plaintiff's claims and Defendant's defenses, the parties exchanged paystubs, other payroll records, time-card records, other time records, text messages, and other documents. Both pre-suit and post-filing, the parties, through counsel, discussed and disagreed regarding fact issues and how the law applied to those facts.

The parties, however, continued their efforts, through at least 3 dozen (or more) emails and several telephone conferences. The parties exchanged their own analyses as to how they computed

overtime which Plaintiff asserted was due and Defendants asserted "might" be due if any overtime was properly due.

Ultimately, on May 26, 2020, the parties agreed upon settlement of this action. As reflected in the attached Settlement Agreement, Defendants agreed to pay to Plaintiff the sum of $4,000 for alleged overtime due to him. Defendants also agreed to pay to Plaintiff's counsel the sum of $5,150 for attorneys' fees and costs.

The parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. The parties jointly advise that their settlement, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

With respect to the payment to Plaintiff, Defendants alleged that if any overtime was due it was at most $1,353.23. Defendants steadfastly rejected the claim that any payment for liquidated damages was due. Plaintiff asserted an entitlement to $4,000 in overtime, and $4,000 in liquidated damages. Ultimately, Defendants' agreement to pay Plaintiff the sum of $4,000 constituted payment of 50% more than the amount they alleged would have been due to Plaintiff under their analysis if payment was made for the overtime and liquidated damages. Thus, from Plaintiff's perspective, he is being compensated at least the amount alleged for overtime and perhaps 50% more than he might have been entitled to for overtime and liquidated damages combined.

With respect to attorneys' fees and costs, Plaintiff's undersigned counsel incurred costs of $1,061.51 ($400 for the filing fee, $70 for service of process, and $591.51 for computerized LEXIS research). Thus, the attorneys' fees portion of the agreed upon payment of $5,150 is $4,088.49.

Plaintiff's undersigned counsel has to date expended a total of 30.5 hours since the onset of representation of the Plaintiff, and counsel's paralegal has expended 14.5 hours to date.

Undersigned counsel's regular hourly rate in federal court is $395, and the paralegal's regular hourly rate is $150. Based upon these figures, the reasonable value of the Firm's services to Plaintiff is $14,222.50. The parties submit that the payment of $4,088.49 in actual attorneys' fees (28.75% of the time value at regular hourly rates in federal court) to Plaintiff's undersigned counsel is reasonable under the circumstances and in light of the time value of counsel's services.

The parties therefore respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the requirements of Lynn's Food, and that all of the relevant criteria support approval of the ultimate settlement in this matter. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants in this case, and the settlement was ultimately agreed upon after the Parties' thorough investigation into the merits of their respective claims and defenses.

Courts have found no fraud or collusion where the parties were represented by counsel, and the amount to be paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each party was represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amounts to be paid to Plaintiff, as well as the separate amounts to be paid to Plaintiff's counsel, the parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. See King, 2007 WL 737575, at *3 (citation omitted).

The fee to be paid to Plaintiff's counsel is also reasonable in light of the work required to this stage of the proceedings. The total lodestar to date claimed by Plaintiffs' Counsel for the work

Joint Motion for Approval of Settlement
Page **6** of **8**

performed on all claims in the Lawsuit is in excess of $14,000. This reflects the time actually spent in the exercise of reasonable judgment by the lawyers and staff involved and is reflected in Plaintiff's counsels' detailed time records. The work undertaken represents the work addressed above in connection with the pre-suit administrative proceedings, pre-suit investigation and communications with Defendants and their counsel, investigation and filing of the lawsuit, the preparation for the early stages of discovery, advising Plaintiff, and negotiating and effectuating this settlement. Thus, the fee requested is more than fair given the actual time invested.

Under the circumstances, as outlined above, the settlement negotiated and reached by the parties, reflects a reasonable compromise of the disputed issues. As a result, the parties believe that all terms of the Settlement Agreement are reasonable, fair and each were necessary to achieve a prompt settlement in this case.

For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having prior experience in FLSA claims and other employment related matters, the agreement is reasonable, and this Court should approve the settlement. Approval of the settlement would be in the interest of the parties and in the interests of justice.

WHEREFORE, the parties jointly respectfully request that the Court enter an Order: (1) approving the Settlement Agreement, (2) dismissing this action with prejudice, each side to bear its own costs and attorneys' fees except as otherwise agreed, (3) retaining jurisdiction to enforce

the terms of the settlement, and (4) granting the parties such further relief as the Court deems just.

                                                                       _____
Stuart M. Address, Esq. (FBN 989606)
stuart@stuartaddressslaw.com
Law Offices of Stuart M. Address, P.A.
611 S.W. Federal Highway, Suite A
Stuart, Florida 34994
Telephone:    (772) 781-8003
Facsimile:    (772) 781-8005
Attorneys for Plaintiff

/s Valentin Rodriquez, Esq.
_____
Valentin Rodriquez, Esq. (FBN 047661)
Robert S. Franklin, Esq.
Valentin Rodriguez, P.A.
Robert S. Franklin, P.A.
2465 Mercer Avenue, Suite 301
West Palm Beach, FL 33401
(561) 832-7510 (561) 701-9296 (facsimile)
defend@bellsouth.net
rfranklin@gmail.com
Attorneys for Defendants

Joint Motion for Approval of Settlement
Page **8** of **8**

SERVICE LIST

Counsel for Plaintiff

Stuart M. Address, Esq. (FBN 989606)
stuart@stuartaddressslaw.com
Law Offices of Stuart M. Address, P.A.
611 S.W. Federal Highway, Suite A
Stuart, Florida 34994
Telephone:     (772) 781-8003
Facsimile:     (772) 781-8005

Counsel for Defendants

Valentin Rodriguez, P.A.
2465 Mercer Avenue, Suite 301
West Palm Beach, FL 33401
(561) 832-7510 (561) 701-9296 (facsimile)
Fla Bar No. 047661
defend@bellsouth.net

-and

Robert S. Franklin, Esq.
ROBERT S. FRANKLIN, P.A.
2465 Mercer Avenue,
Suite 301 West Palm Beach, FL 33401
(561) 775-7000
 Fla. Bar No.: 914061
rfranklinlaw@gmail.com

DocuSign Envelope ID: 3EADA958-4A5C-4633-9AE3-0456F6A1FC1E
Case 9:20-cv-80593-DMM Document 16 Entered on FLSD Docket 06/07/2020 Page 9 of 14

EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made between Anthony Gizze ("Former Employee') and Dunworth Construction and Development Inc. and Roy F. Dunworth, individually (referred to as "Dunworth" collectively), together referred to as the "Parties":

WHEREAS, the Former Employee was formerly employed by Dunworth, and

WHEREAS, the Former Employee has raised certain claims resulting from his employment with Dunworth and is represented by The Law Offices of Stuart M. Address, P.A. ("Claims"), and

WHEREAS, the Claims are that the Former Employee alleges he is owed unpaid overtime as alleged in Case No. 20-CV-80593-DMM; and

WHEREAS, the Former Employee and Dunworth admit only that the claims have been raised and the claims are disputed by Dunworth, and

WHEREAS, the Former Employee and Dunworth are mutually desirous of forever resolving and extinguishing all current or potential issues between them, whether known or unknown.

THEREFORE, IN CONSIDERATION of the mutual promises and undertakings set forth herein, and other good and valuable consideration, the Parties hereby agree as follows:

1. The Former Employee hereby voluntarily and irrevocably remises, releases, acquits, satisfies, and forever discharges Dunworth and its past and present, directors, officers, trustees, representatives, shareholders, agents, employees, and any and all present, former, and future successors, assigns, parents, subsidiaries, affiliates, divisions, members, committees, holding companies and any subsidiary of any such holding companies, and/or other related companies of any of the foregoing entities, and trustees, partners, partnerships, assigns, directors, officers, managers, fiduciaries, employees, shareholders, advisors, attorneys, representatives, and agents, both in their representative and individual capacities of any of the foregoing entities (collectively referred to as "Releasees"), from and against any and all manner of action and actions, cause and causes of action (known or unknown), suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, liquidated damages, punitive damages, compensatory damages, judgments, executions, claims and demands whatsoever, in law or in equity, which the Former Employee ever had, now has, or which any personal representative, successor, heir or assign of the Former Employee hereafter can, shall or may have, against Releasees, for, upon or by reason of any claim from the beginning of the world to the date the execution of this Agreement, known or unknown, including without limitation, all of the Claims, or claims raised or that could have been raised by her, or any and all claims, causes of action or suits of any kind arising out of the Former Employee's former employment with Dunworth, whether known or unknown, including, but not limited to, any common law or statutory claims, including claims for incidental or consequential damages, expenses incurred, litigation expenses, court costs, attorney's fees, tort or contractual damages of any kind, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive, which arose out of or are connected in any way,

1

directly or indirectly, with the Former Employee's former employment with Dunworth including, but not limited to, claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1985, 42 U.S.C. § 1986, the Florida Civil Rights Act, Florida Statutes § 760.01 ("FCRA"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., 29 U.S.C. § 206(d), Fla. Stat. Chpt. 448, the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., 29 U.S.C. § 701, 29 U.S.C. § 201 et. seq., Fla. Stat. Chpt. 760, Florida Statutes Chapter 440, Fla. Stat. § 440.205 ("Florida's Workers' Compensation Retaliation Statute"), the Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq., Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., including but not limited to Sections 502 and 510, National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq., Equal Pay Act (EPA), as amended, 29 U.S.C. § 206, Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. § 621 et seq., Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 651 et seq., all matters arising under local, state or federal right-to-know laws, environmental laws, all laws within the jurisdiction of the National Labor Relations Board, OSHA, Equal Employment Opportunity Commission, Florida Commission on Human Relations, and any local or county administrative agencies, any claim for compensation and all future medical benefits and compensation under Florida Workers Compensation law growing or arising out of any alleged accident or injury; any and all claims under Medicaid and Medicare, any and all claims for reimbursement or subrogation under any group medical policy, all laws governing one's employment, and all labor laws.

Notwithstanding anything to the contrary in this Agreement, the Former Employee is not releasing any rights provided in this Agreement. The Former Employee specifically reserves the right to litigate the following pending action/claim relating to his employment: Claim number 19-3058800, Date of Accident: 08/28/2019; Insurer: Progressive Insurance Company; Insured: Dunworth Construction & Development Inc.

Dunworth similarly waives and releases all potential claims against the Former Employee.

2. In exchange for the release of all claims and other covenants as detailed herein, Dunworth, in full and final satisfaction of all claims and potential claims, agrees to make payment to the Former Employee and his counsel as follows:

   a. Dunworth shall issue one check, payable to the Former Employee, representing wages in the amount of $4,000.00 less applicable taxes, for which an IRS Form W-2 shall be issued – Dunworth agrees that SS & Medicare deductions are to be computed using the IRS annual rate table, with no federal withholding; and

   b. In full and final satisfaction of any and all other claims, potential claims, promises, or covenants, Dunworth agrees to make payment to Former Employee, for the total sum of $100.00, not subject to applicable taxes, for which an IRS Form 1099 shall be issued; and

   c. Dunworth shall issue one check, payable to The Law Offices of Stuart M. Address, P.A. Trust Account, counsel for the Former Employee, representing Former Employee's attorneys' fees and costs, totaling $5,150.00.

3. The Former Employee represents and agrees that payment of the Settlement Sum referenced in Paragraph 2 is in full and final satisfaction of any and all claims and potential claims by the Former Employee, including for all compensation, payment, wages, unpaid wages, overtime pay, liquidated damages, commissions, bonuses, back pay, future pay, benefits, allowances, paid time off, vacation, sick leave, expense reimbursements, and/or any other form of compensation in connection with the Former Employee's employment or termination therefrom, which Dunworth denies; and is in full and final satisfaction of the Former Employee's claims for attorneys' fees and costs in connection with any of these claims. The Former Employee waives any arguable claim to additional compensation whatsoever. The Former Employee agrees that these representations were material inducements for Dunworth to enter into this Agreement.

4. Dunworth shall deliver all checks described herein by overnight mail in care of Stuart M. Address, Esq., 611 S.W. Federal Highway, Suite A, Stuart, FL 34994, within ten (10) days following the Former Employee's full execution of this Agreement. The Former Employee agrees that he is not entitled to the Settlement Sum referenced in Paragraph 2 until he signs this Agreement.

5. The Former Employee represents and warrants that as of the date the Former Employee signs this Agreement, the Former Employee has not initiated or caused to be initiated against Dunworth any administrative claim, investigation or proceeding of any kind, and that he is not currently aware of any facts or basis for filing such a complaint, charge, claim, or proceeding against Dunworth. The Former Employee represents and warrants that he has never suffered an injury compensable under Florida's Worker's Compensation Act. The Former Employee agrees that these representations were material inducements for Dunworth to enter into this Agreement.

6. In waiving and releasing any and all claims against the Releasees, whether or not now known to the Former Employee, the Former Employee understands that this means that if he later discovers facts different from or in addition to those facts currently known by the Former Employee, or believed by him to be true, the waivers and releases of this Agreement will remain effective in all respects - despite such different or additional facts and the Former Employee's later discovery of such facts, even if he would not have agreed to this Agreement if she had prior knowledge of such facts.

7. The Former Employee shall not defame Dunworth and agrees that he will not apply for employment with Dunworth, or its affiliated entities and will not be so employed with Dunworth said entities at any time in the future. Dunworth agrees that in response to all official inquiries and requests from prospective employers of the Former Employee, Dunworth or its designee shall only provide a neutral reference stating dates of employment and last position held. Dunworth reciprocally agrees that it shall not defame the Former Employee.

8. The Former Employee represents and affirms that he has no known, unreported claims of any kind against Dunworth as of the date of his execution of this Agreement.

9. The Former Employee agrees to keep both the existence of and terms of this Agreement completely confidential and that he: (a) will not disclose the contents of this Agreement to

anyone except her accountant, attorneys, and spouse, unless required to do so by force of law; and (b) will not use or attempt to use the fact or existence of this Agreement for any reason other than enforcement of the terms of this Agreement. The Parties agree that this Agreement shall not be utilized in any legal proceeding with the exception of a proceeding to enforce this Agreement, or if required by the Court in Case No. 20-CV-80593-DMM. If asked by anyone about the existence or terms of this Agreement, the Former Employee may respond only that the matter has been settled and may not disclose any of the terms of this Agreement. This is a material term of this Agreement. In event of breach of this confidentiality provision, as proven in a hearing, the Former Employee shall forfeit rights to the Former Employee's portion of the Settlement Sum referenced in Paragraph 2 and shall return the net sum paid forthwith upon entry of judgment against him.

10. Except as otherwise provided herein, each Party bears their own attorneys' fees and costs.

11. The Former Employee is responsible for any tax liability associated with payments provided under this Agreement. The Former Employee agrees to indemnify the Releasees and hold it harmless for all taxes, payroll or otherwise, including attorney's fees and costs, and any interest and penalties for which the Releasees may be found liable as a consequence of Dunworth having paid monies to Employee pursuant to this Agreement.

12. This Agreement resolves a bona fide dispute over, without limitation, liability, days allegedly worked, hours allegedly worked, and compensation allegedly due. The Settlement Sum paid pursuant to this Agreement is a mutually agreeable resolution of the Parties' claims. The settlement is fair, reasonable and equitable to both Parties.

13. Nothing contained in this Agreement is intended to be, or shall be construed to be, an admission of any liability by any Party or an admission of the existence of any facts upon which liability could be based. This Agreement shall not be used as evidence in any matter, except in a suit for enforcement of this Agreement. This Agreement shall be governed by the laws of the State of Florida, and enforceable by the district court in Case No. 20-CV-80593-DMM.

14. In the event that, any one or more provisions (or portion thereof) of this Agreement is held to be invalid or unenforceable for any reason, the invalid, unlawful or unenforceable provision (or portion thereof) shall be construed or modified so as to provide Releasees with the maximum protection that is valid, lawful and enforceable, consistent with the intent of Dunworth and the Former Employee in entering into this Agreement. If such provision (or portion thereof) cannot be construed or modified so as to be valid, lawful and enforceable, that provision (or portion thereof) shall be construed as narrowly as possible and shall be severed from the remainder of this Agreement (or provision), and the remainder shall remain in effect and be construed as broadly as possible, as if such invalid, unlawful or unenforceable provision (or portion thereof) had never been contained in this Agreement.

15. For the purpose of this Agreement, all faxed, photocopied, and electronic copies of signatures shall be accepted as original signatures.

16. This Agreement may be signed in separate counterparts, neither of which need contain the signatures of all Parties, each of which shall be deemed an original, and both of which taken together constitute one and the same instrument.

**Former Employee's Acknowledgments and Certifications**:

The Former Employee represents and agrees that he:

(a)     has carefully read and fully understands all of the terms of this Agreement and does not rely on any representation or statement, written or oral, not set forth herein;

(b)     had a reasonable period of time to consider this Agreement;

(c)     is signing this Agreement knowingly and voluntarily agreeing to all terms herein;

(d)     has been advised to seek independent legal advice from an attorney prior to making and accepting this Agreement;

(e)     has been advised to and did consider the terms of this Agreement with an attorney before signing;

(f)     Is, through this Agreement, releasing any and all claims that he may have including, but not limited to, claims under the FLSA;

(g)     Knowingly and voluntarily intends to be legally bound by this Agreement; and

(h)     Is, by reason of this Agreement and the release of claims herein, receiving from the Dunworth good and sufficient consideration in addition to anything of value to which he is already entitled.

*[remainder intentionally left blank, signatures continue on Page 6]*

5

DocuSign Envelope ID: 2EADA958-4A5C-4623-BAE3-0456E6A1EC1E

Signature of Former Employee:

*I affirm under penalties for perjury that the representations made in this Agreement are true. I agree that the representations made herein are material and that Dunworth relied on my representations in entering into this Agreement. I understand and agree that by signing this Agreement I am, among other things, releasing Dunworth and Releasees from any and all claims, known or unknown, which arose out of or are connected in any way, directly or indirectly, with my former employment with Dunworth, and that I am waiving any arguable claim to additional compensation whatsoever. I affirm that I have been paid for and will have received all compensation, payment, wages, unpaid wages, overtime pay, commissions, bonuses, benefits, allowances, paid time off, vacation, sick leave, expense reimbursements, and/or any other form of compensation to which I may possibly be entitled. Under penalties of perjury, I declare that I have read the foregoing and that the facts stated herein are true.*

_____
**ANTHONY GIZZE**

STATE OF FLORIDA )
)ss:
COUNTY OF Martin )

Sworn to (or affirmed) and subscribed before me by **Anthony Gizze**, who is personally known to me or who has produced **Florida Driver's license** as identification.

WITNESS my hand and official seal in the County and State last aforesaid this **2nd** day of **June**, 2020.

Notary Public State of Florida
Saiidia Inez Johnson
My Commission GG 207017
Expires 04/12/2022

_____
Notary Public

_____
Typed, printed or stamped name of Notary Public

**Signature of Representative of Dunworth**

_____   Date: 06/4/2020
By: Roy Dunworth, Owner

**Signature of Roy Dunworth**

_____

6